UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL BOURNACCORSI,

    Plaintiff,

v.        Case No. 5:06-cv-285-Oc-10GRJ

MARION COUNTY COMMISSIONERS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Affidavit of Indigency (Doc. 2), which the Court will treat as a motion for leave to proceed *in forma pauperis*. For the reasons discussed below, the Court finds that Plaintiff's Motion to Proceed *In Forma Pauperis* should be **DENIED** and that Plaintiff's Complaint should be **DISMISSED**.

## I. BACKGROUND AND FACTS

According to the allegations in Plaintiff's Complaint (Doc. 1) and Affidavit of Indigency (Doc 2.), the City of Ocala Electric Utility ("OEU") has disconnected Plaintiff's electricity causing Plaintiff hardship. Plaintiff alleges he is a British citizen and can no longer receive important telephone calls including communications from the British Embassy, the Department of Internal Affairs in Tampa, Florida, and the Federal Bureau of Investigation. Plaintiff is further concerned that his credit rating will be negatively impacted, causing Plaintiff to lose important business loans for the development of a

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

poverty law center. Plaintiff also alleges that OEU disconnected Plaintiff's electricity due to a debt owed by a Mr. Roger Kendrick and that OEU is demanding that Plaintiff act as a collection agent for this debt. Plaintiff requests that this action proceed "as a class action suit, especially in view of the current (heat wave) which has cause [sic] some deaths nationwide." (Doc. 1.) Although Plaintiff's Complaint (Doc. 1) only names the "Marion County Commissioners" as a party, Plaintiff has filed a request to join OEU as a party, as well as "The Centers of Ocala, Florida" as Defendants.[2] (Doc. 5.) The Court will therefore proceed to analyze Plaintiff's claim assuming that all three entities are named as defendants.

## II. DISCUSSION

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint to determine whether his claims have merit or whether the Complaint should be dismissed on some other ground. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action fails to state a claim upon which relief may be granted. Although district courts must apply a "less stringent

---

[2] Although Plaintiff fails to explain the connection between the claims against OEU and The Centers of Ocala, Plaintiff recites that he "seeks the protection of the Federal Marshal especially in view [of] the ... misuse of the Baker Act ... " The Court can only assume that Plaintiff has been involuntarily committed to the Centers of Ocala. This allegation does not raise a federal claim. Rather, the fact that the Plaintiff may have been civilly committed under state law highlights the fact that the claims of the Plaintiff in this case appear to be delusional and not based upon a rational basis. This fact would be an additional basis to deny plaintiff's request to proceed *in forma pauperis*. *See,* Nietzke v. Williams, 490 U.S. 319, 327-28 (1989)("Examples of [frivolous claims] are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.").

standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief.[3]

In the instant case, Plaintiff has failed to state a cause of action for which relief may be granted. Plaintiff's allegations may be liberally construed as some form of a breach of contract suit against OEU; however, even this argument is tenuous at best in view of the fact that there are no allegations concerning the contractual terms of Plaintiff's relationship with OEU or the connection, if any, of the Marion County Commissioners to the termination of Plaintiff's electricity.

Regardless, the Court does not need to determine whether Plaintiff's claim is frivolous or fails to state a cause of action, as it is evident that this Court does not have subject matter jurisdiction.  It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.[4] Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  Further, the Court has subject matter jurisdiction over cases involving a federal question.[5] Although the Plaintiff has checked the federal question box in the civil cover sheet under the heading "Basis of Jurisdiction," Plaintiff's complaint is devoid of any reference to a federal statute or federally created right that he alleges is implicated in this case. Accordingly, the only arguable basis for subject matter

---

[3] Tigner v. Internal Revenue Service, No.:1:99-CV-789-TWT, 2000 WL 641614, *1 (N.D. Ga. March 24, 2000).

[4] See Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

[5] 28 U.S.C. § 1331.

jurisdiction would be diversity of citizenship. However, as explained below there is a lack of complete diversity between the Plaintiff and all the Defendants and there are no allegations in the complaint remotely suggesting that the amount in controversy exceeds the sum of $75,000.

With regard to the citizenship of the parties, Plaintiff has named the Marion County Commissioners, Ocala Electric Utility and the Centers at Ocala, Florida, all of whom are citizens of the state of Florida. Although, Plaintiff mentions that he is a British citizen it is undisputably evident from the nature of the dispute alleged in Plaintiff's complaint that Plaintiff resides in Ocala, Florida, at the residential location where the electricity allegedly was terminated. As a resident alien residing in the state of Florida, the Plaintiff is deemed to be a citizen of Florida, the state in which he is domiciled.[6] Accordingly, because this case involves a claim by an individual, who is deemed to be a citizen of Florida for jurisdictional purposes, and Florida Defendants there is a complete lack of diversity and, therefore, the Court does not have subject matter jurisdiction.

In addition to the fact that there is a complete lack of diversity in this case, the Plaintiff also has failed to allege any facts suggesting that the amount in controversy exceeds the sum of $75,000. Plaintiff claims that as a result of the termination of his electricity he is entitled to compensation "for loss of revenue and additional living expenses i.e. food spoilage and other things." While the Court appreciates the inconvenience of having electricity service terminated, there are no facts in the

---

[6] 28 U.S.C. § 1332(a)("For purposes of this section ... an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.").

Complaint which remotely suggest that these types of damages would reasonably exceed $75,000.

### III.  RECOMMENDATION

For these reasons, the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and Plaintiff's Complaint should be **DISMISSED**  for lack of subject matter jurisdiction.

**IN CHAMBERS** in Ocala, Florida, on September 14, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
    The Honorable Wm. Terrell Hodges
    Senior United States District Judge

    *Pro Se* Plaintiff